ORIGINAL

/0

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KATHLEEN SHAFFER,

    Plaintiff,

-vs-

Case: 2:06-cv-11814
Assigned To: Cohn, Avern
Referral Judge: Scheer, Donald A
Filed: 04-14-2006 At 02:28 PM
CMP KATHLEEN SHAFFER V. UNIVERSAL F
IDELITY LP (DA)

**DEMAND FOR JURY TRIAL**

UNIVERSAL FIDELITY LIMITED
PARTNERSHIP,

    Defendant.

Julie Ann Petrik (47131)
Ian B. Lyngklip (P47173)
Lyngklip & Taub Consumer Law Group, PLC
Attorneys for Kathleen Shaffer
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790

**COMPLAINT & JURY DEMAND**

*Kathleen Shaffer states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

1

## Parties

3. The Plaintiff to this lawsuit is Kathleen Shaffer who resides in Chesterfield Township, Michigan.

4. The Defendant to this lawsuit is Universal Fidelity Limited Partnership ("Universal Fidelity") which is a corporation doing business in Michigan.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Macomb County.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. Some time prior to January 2006, Universal Fidelity was engaged by Lowes to collect a debt allegedly owed by Kathleen Shaffer; alternatively Universal Fidelity purchased an account from Lowes allegedly owed by Mrs. Shaffer.

8. On or about February 15, 2006, Universal Fidelity communicated with Mrs. Shaffer and solicited her authorization for a postdated payment via paper checks to be created by Universal Fidelity.

9. Mrs. Shaffer initially authorized the following checks to be created:

   a. Check #2084 dated February 28, for $109.

   b. Check #2085 dated March 31, for $307.

   c. Check #2086 dated April 28, for $307.

10. Following that authorization, on about March 20, 2006, Mrs. Shaffer's financial position changed such that those checks could not be honored without defaulting on her mortgage and possibly losing her home.

11. Mrs. Shaffer notified Universal Fidelity of this fact.

12. Universal Fidelity informed Mrs. Shaffer that the checks would be deposited and the arrangements could not be changed.

13. Universal Fidelity's statements were false.

14. Mrs. Shaffer placed a stop payment on the remaining checks (#2085 and 2086).

15. Universal Fidelity attempted to deposit the checks in spite of Mrs. Shaffer's notice and the checks were not honored.

16. Universal Fidelity initiated an electronic funds transfer (EFT) from Mrs. Shaffer's account without her authorization and took the money from the account.

17. Mrs. Shaffer was required to pay an additional $32 fee to unwind that unauthorized EFT.

18. Since then, Universal Funding has harassed Mrs. Shaffer by calling her multiple times with the intent of harassing her.

### Count I – Fair Debt Collection Practices Act (Universal Fidelity)

19. Mrs. Shaffer incorporates the preceding allegations by reference.

20. At all relevant times Universal Fidelity – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or

entities.

21. Universal Fidelity is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Universal Fidelity has engaged in violations of the FDCPA including, but not limited to the following:

   a. Universal Fidelity caused Mrs. Shaffer's telephone to ring or engaged Mrs. Shaffer in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass her, in violation of 15 U.S.C. §1692d(5).

   b. Universal Fidelity used generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e.

   c. Universal Fidelity made a false representation of-- (A) the character, amount, or legal status of the debt; or (B) any services rendered or compensation which may be lawfully received by Universal Fidelity for the collection of the debt, in violation of 15 U.S.C. §1692e(2).

   d. Universal Fidelity used unfair or unconscionable means to collect or attempt to collect the debt, in violation of the general prohibition in 15 U.S.C. 1692(f).

   e. Universal Fidelity collected an amount without express authorization under the agreement creating the debt or other statutory authority, in violation of 15 U.S.C. 1692(f)(1).

23. Mrs. Shaffer has suffered damages as a result of Universal Fidelity's violations of the

FDCPA.

## Count II – Michigan Occupational Code (Universal Fidelity) (alternative to Count III)

24. Mrs. Shaffer incorporates the preceding allegations by reference.

25. Universal Fidelity is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

26. Mrs. Shaffer is a debtor as that term is defined in M.C.L. § 339.901(f).

27. Universal Fidelity's foregoing acts in attempting to collect this alleged debt against Mrs. Shaffer constitute violations of the Occupational Code including but not limited to the following:

   a. (a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or the stationery of a credit bureau unless it is disclosed that it is the collection department of the credit bureau.

   b. (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

   c. (f) Misrepresenting in a communication with a debtor any of the following:(i) The legal status of a legal action being taken or threatened.    (ii) The legal rights of the creditor or debtor.    (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property. (iv) That accounts have been

5

turned over to innocent purchasers for value.

28. Mrs. Shaffer has suffered damages as a result of Universal Fidelity's violations of the Michigan Occupational Code.

29. Universal Fidelity's violations of the Michigan Occupational Code were willful.

## Count III – Michigan Debt Collection Practices Act (Universal Fidelity) alternative to Count II

30. Mrs. Shaffer incorporates the preceding allegations by reference.

31. Universal Fidelity is a "regulated person" under the Michigan Debt Collection Practices Act ("MDCPA"), M.C.L. § 445.251(g)(xi).

32. Universal Fidelity violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* include, but are not limited to, the following:

    a. Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau, in violation of M.C.L. §445.252(a).

    b. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

    c. Misrepresenting in a communication with a debtor 1 or more of the following in violation of M.C.L. §445.252(f): (i)The legal status of a legal action being

taken or threatened; (ii) The legal rights of the creditor or debtor; (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property; or (iv) That accounts have been turned over to innocent purchasers for value.

d.  Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary in violation of M.C.L. §445.252(n).

33. Mrs. Shaffer has suffered damages as a result of Universal Fidelity's violations of the Michigan Collection Practices Act.

### Demand for Jury Trial

34. Plaintiff demands trial by jury in this action.

## Demand for Judgment for Relief

35. Accordingly, Mrs. Shaffer requests that the Court grant:

    a.    *Actual damages.*

    b.    *Statutory damages.*

    c.    *Treble damages.*

    d.    *Statutory costs and attorney fees.*

    Respectfully Submitted,

    LYNGKLIP & TAUB
    CONSUMER LAW GROUP, PLC

By: _____
    Ian B. Lyngklip (P47173)
    Attorney For Kathleen Shaffer
    24500 Northwestern Highway, Ste. 206
    Southfield, MI 48075
    (248) 746-3790
    IanLaw@Pop.Net

Dated: April 14, 2006

**ORIGINAL**

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Macomb

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
KATHLEEN SHAFFER

### DEFENDANTS
UNIVERSAL FIDELITY LIMITED PARTNERSHIP

(b) County of Residence of First Listed: Macomb

County of Residence of First Listed: ___
NOTE: IN LAND CONDEMNATION CASES...

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lynklip & Taub Consumer Law Group, PLC
24500 Northwestern Hwy., Ste. 206, Southfield, MI 48075
(248) 746-3790

Case: 2:06-cv-11814
Assigned To: Cohn, Avern
Referral Judge: Scheer, Donald A
Filed: 04-14-2006 At 02:28 PM
CMP KATHLEEN SHAFFER V. UNIVERSAL FIDELITY LP (DA)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | | | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | [X] 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff brings this cause of action for violations of the FDCPA 15 U.S.C. §1692 and 28 U.S.C. §§1331, 1337.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ___   DOCKET NUMBER ___

DATE 4/13/06
SIGNATURE OF ATTORNEY OF RECORD

# PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes    ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes    ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____